**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAUL HERNANDEZ GONZALEZ,

　　　　　　*Petitioner*,

v.                                                                Case No. 3:26-cv-1006-WWB-PDB

UNITED STATES ATTORNEY
GENERAL, et al.,

　　　　　　*Respondents.*

_____

## ORDER

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Center.  (*Id.*).  The Petition is not a model of clarity, and it is unclear what claims Petitioner seeks to raise.  He appears to set forth three grounds for relief.  In Ground One, Petitioner asserts he has "complied with deportation order instructions signing every first Monday of every month until October 6, 2026." (*Id.* at 6).  Ground two states he "entered illegally from Mexico to the United States on December 24, 1996, walked throughout the frontier by [himself]." (*Id.*).  And in Ground Three, Petitioner simply alleges he "did not have passport with [him] when [he] was detained."  (*Id.*).  As relief, Petitioner contends his detention has "physically and emotionally" affected him and he has a clean criminal record.  (*Id.* at 7).

Federal courts may grant the writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  And the sole federal remedy and purpose of the writ of habeas corpus is

for prisoners or detainees to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, Petitioner has not alleged sufficient facts to establish a claim under § 2241. Indeed, he does not claim Respondents violated a particular constitutional right, and his allegations are conclusory in nature and devoid of any information that would allow the Court to draw reasonable inferences that Respondents violated his constitutional rights. Also, Petitioner does not request immediate or expedited release but instead seems to allege how his confinement is affecting him. As such, the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how his detention allegedly violates the Constitution and sets forth relief that is cognizable under § 2241.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    Raul Hernandez Gonzalez, A07439889

2

3